UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LESLIE NUTT, | ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 1:21-cv-523 |
| NCB MANAGEMENT SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, LESLIE NUTT ("Plaintiff"), through her attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NCB MANAGEMENT SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et al. ("TDCA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Bastrop, Bastrop County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Trevose, State of Pennsylvania.

13. Defendant is a business entity engaged in the collection of debt within the State of Texas.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with an Elastic line of credit from Republic Bank.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around May 2021, Plaintiff discovered the alleged debt on her credit report, reported by Defendant.

22. On or about May 11, 2021, Plaintiff called Defendant at 855-622-3500, which is one of Defendant's telephone numbers.

23. On or about May 11, 2021, Plaintiff spoke with Defendant's male collector, Greg Fagan ("Greg").

24. During the above-mentioned conversation:

    a. Plaintiff asked if the alleged debt was past the statute of limitations.

    b. Greg refused to disclose the legal status of the alleged debt.

    c. Greg did not disclose that the statute of limitations has passed on the alleged debt.

    d. Greg demanded for Plaintiff to make a payment to Defendant.

    e. Greg falsely represented that Plaintiff had to make a payment that same day.

25. Relying on Greg's false representations, Plaintiff made a payment to Defendant in the amount of $1,242.00.

26. Plaintiff was charged a fee in the amount of $3.00 for the payment made to Defendant.

27. Prior to May 11, 2021, the statute of limitations has passed.

28. Greg's conduct and demand for payment resulted in the statute of limitations reviving.

29. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

30. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    b. Defendant violated § 1692e(2) of the FDCPA by falsely representing the character, amount or legal statue of any debt, when Defendant falsely represented that the alleged debt was within the statute of limitations when Defendant demanded immediate payment from Plaintiff;

    c. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant parked the alleged debt on Plaintiff's credit report after the account was past the statute of limitations, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations and when Defendant demanded immediate payment from Plaintiff in

      an effort to coerce Plaintiff into making a payment on a time-barred debt and, in effect, revive the statute of limitations;

d. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant demanded immediate payment from Plaintiff; and

e. Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, LESLIE NUTT, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

33. Statutory damages of $1,245.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

37. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiff, LESLIE NUTT, respectfully requests judgment be entered against Defendant, NCB MANAGEMENT SERVICES, INC., for the following:

39. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

40. For attorneys' fees, costs and disbursements;

41. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

42. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  June 15, 2021                      RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
    Michael S. Agruss
    SBN: 6281600
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave., Suite 419
    Chicago, IL 60640
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff